# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE TREAKLE,<br><br>Plaintiff<br><br>v.<br><br>FREDERICK J. NAHAS, et al.,<br><br>Defendants | Civil Action No. 25-14846 (RMB-MJS)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. On or about August 21, 2025, Plaintiff Maurice Treakle, a convicted detainee presently confined at New Jersey State Prison ("NJSP") filed this *pro se* civil rights complaint, ("Compl."), Dkt. 1, and an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) ("IFP Application"), Dkt. No. 1-1. Plaintiff names Dr. Frederick J. Nahas and Atlantic County Medical Center ("ACMC") as Defendants in this matter.

2. A prisoner seeking to commence a civil action without prepayment of the filing fee must submit an affidavit, including a statement of all assets, establishing that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Here, Plaintiff has complied with § 1915; he has submitted an affidavit and a certified account statement, signed by a prison official, indicating he is unable to pay the filing fee. Dkt. No. 1-1. Accordingly, Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915 is granted.

3. When a plaintiff is granted IFP status, the district court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.) Courts must liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4. Plaintiff claims that sometime in 2017 or 2018, Defendant Nahas conducted a biopsy/surgery on Plaintiff's chest and inserted a "port" inside his chest. Compl. at 4. According to Plaintiff, Defendant told him that he would have the "port" removed after Plaintiff's "eighth chemo session" after eighteen months, but the "port" was not removed until six years later. *Id.* After the "port" was inserted into Plaintiff's chest, Plaintiff went to three different prisons – Southwoods, Bayside State Prison, and Mid-State Correctional Facility. Compl. at 5-6. At Mid-State Correctional facility, in 2024, Plaintiff complained of

being in pain and that he could hardly breathe. *Id.* at 5. The medical department sent Plaintiff to "capitol medical center" in Trenton, and once there, the "port" was removed. *Id.* Plaintiff claims that he spent six years complaining of being in pain and having breathing problems because of the non-removal of this "port." Compl. at 6. Because of this delay, Plaintiff claims that tissue formed around the port in his chest and that when it was removed, it caused Plaintiff soreness, pain, and trouble breathing. *Id.* Plaintiff alleges that South Woods and Bayside State Prison ignored him and would not send him to get the port removed from his chest. *Id.* Plaintiff seeks damages and injunctive relief. Compl. at 6. The Court construes Plaintiff to allege an Eighth Amendment claim of deliberate indifference to his serious medical needs as against Dr. Nahas, Atlantic County Medical Center, Southwoods, and Bayside State Prison.

5.   Plaintiff's claims, as alleged, fail. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The "under color of state law" requirement excludes purely private conduct, no matter how wrongful or harmful. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). A private individual may be deemed a state actor only if the plaintiff alleges facts plausibly showing that the conduct at issue is attributable to the State. *Lugar*, 457 U.S. at 937.

6.   Here, Plaintiff has not alleged sufficient facts that indicate whether Defendant Nahas is a state actor or not. Indeed, it is entirely unclear from his complaint whether Dr. Nahas was a private doctor who completed Plaintiff's surgery prior to Plaintiff's incarceration or if Dr. Nahas was employed by the prison. As such, Plaintiff's claims

against Defendant Nahas will be dismissed without prejudice.

7. Turning to Plaintiff's claims against the institutions, the Eighth Amendment prohibits prison officials from acting with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state such a claim, a plaintiff must allege facts plausibly showing (1) a serious medical need and (2) deliberate indifference by the defendant to that need. *Id.*; *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). Deliberate indifference is a subjective standard. A defendant must know of and disregard excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

8. Plaintiff has not alleged sufficient facts that the institutional defendants knew of Plaintiff's serious medical needs and were deliberately indifferent to those needs. At best, Plaintiff alleges in a cursory manner that he told someone at some time at these institutions that he was in pain and that they did nothing to help him remove the port in his chest. Compl. at 5-6. These allegations, even construed liberally, are insufficient to state a claim for relief. As such, Plaintiff's claims against the institutional defendants will be dismissed without prejudice.

9. Also before the Court is Plaintiff's motion for assignment of counsel. Dkt. No. 2. In his motion, Plaintiff requests appointed counsel because he is indigent and unfamiliar with the law. *Id.* Although civil plaintiffs have no right to the appointment of counsel in civil rights matters, this Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In

determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011).

10. Here, although Plaintiff has made the initial showing that he is indigent, the Court finds that, considering plaintiff failed to state a claim as noted above, the appointment of counsel is not warranted at this time. Accordingly, this Court will deny Plaintiff's motion for appointment of counsel without prejudice.

An appropriate Order follows.


DATE: <u>February 5, 2026</u>

                                        <u>s/Renée Marie Bumb</u>
                                        RENÉE MARIE BUMB
                                        Chief United States District Judge